UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

OCT 20 2009

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES OF AMERICA,

Plaintiff,

v.

ROBERT L. KNUPP, individually and
d/b/a RLK, Inc.,

Defendant.

Civil No. _____
1:09-CV-2724 -JEC

CHALLENGE TO SUBJECT MATTER JURISDICTION
PROOF OF CLAIM

COMES NOW, Robert L Knupp, natural man, on the land, Creation of God the Creator, hereby Claim Innocence to the alleged actions said to be in violation of laws not named and not shown with this Challenge to the Subject Matter Jurisdiction of this Court to Act in this Matter with the following:

1.

This alleged Defendant hereby state for the record of this Court that per the

Ruling of JAMA vs. U.S. Immigration, 22 F. 2d 353, 357 the Challenge to Subject Matter Jurisdiction may be made at any time. To date, the instant case has not been shown to have Subject Matter Jurisdiction to prosecute the party so charged and gives this explanation to explain the lack of Subject Matter Jurisdiction:

a. The two types of Challenge to the subject matter jurisdiction of a court is (1) a facial challenge to jurisdiction asserting that Plaintiff's complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction, (2) Factual attack on the jurisdictional allegations of the complaint. When this method is employed, the court may rely on affidavits and other such competent evidence (22 F. Supp. 2d 353, 361).

b. This Challenge to Subject Matter Jurisdiction is made pursuant to the second method as stated in JAMA vs. U.S. Immigration et al, to the face of the Complaint as it stands on the face of this Court

2.

None of the Statements of Ms Sally B. Molloy, d/b/a Assistant U.S. Attorney, N.D. GA. Civil Division, in her Motions and the Answers given for all the Allegations made never at any time named a Code, Statute,

Regulation, and/or Rule that named a "Known Legal Duty" to perform.

3.

Without a Code, Statute, Regulation and/or Rule that names a "Known Legal Duty" to perform, this Court is without Subject Matter Jurisdiction to Hear and/or Rule on the Complaint of Ms Sally B. Molloy, d/b/a Assistant U.S. Attorney, N.D. GA. Civil Division, only to Dismiss the Case.

4.

Request an Order from this Court to Ms Sally B. Molloy, d/b/a Assistant U.S. Attorney, N.D. GA. Civil Division, to name the Statute, Code, Regulation and/or Rule that imposes a "Known Legal Duty" to perform upon this Defendant. Per the United States Supreme Court: "This court has consistently declared that an accused must have a <u>legal duty</u> imposed upon him, and to have violated that legal duty, before he can be considered a putative criminal." Smith v. O'Grady, 312 US 329 (1941). Can Ms Sally B. Molloy, d/b/a Assistant U.S. Attorney, N.D. GA. Civil Division name this "legal duty?" Additionally, notice of those conditions MUST be

made in the indictment or the indictment is fatally flawed. Cole v. Arkansas, 333 US 196 (1947); Jordan v. DeGeorge, 341 US 223 (1951).

5.

Failure on the part of Ms Sally B. Molloy, d/b/a Assistant U.S. Attorney, N.D. GA. Civil Division, to produce the Code, Statute, Regulation, and/or Rule that imposes a "Known Legal Duty" to perform, and named in the Indictment, a Request is hereby made asking this Court to Dismiss all Charges, Claims, Allegations made by Ms Sally B. Molloy, d/b/a Assistant U.S. Attorney, N.D. GA. Civil Division for lack of Subject Matter and Personam Jurisdictions per F.R.C.P. 12(b)(1) & 12(b)(2) and the failure to state a claim upon which relief can be granted, per F.R.C.P. 12(b)(6).

Respectfully submitted this 20th day of October, 2009 by the hands of _____. A.R.R.

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

ROBERT L. KNUPP, individually and
d/b/a RLK, Inc.,

      Defendant.

Civil No. _____
1:09-CV-2724

ORDER

The above entitled matter having come before the court on Alleged Defendant's motion for dismissal, for lack of jurisdiction.

The Court's review exposed the Plaintiff failure to state a claim on which relief can be granted.

The case number 1:09-CV-2724 is dismissed without prejudice.

_____
Judicial Officer

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ROBERT L. KNUPP, individually and
d/b/a RLK, Inc.,

        Defendant.

Civil No. _____
1:09-CV-2724

Motion for Dismissal

NOTICE OF DISMISSAL

Alleged Defendant does not consent to alleged legal process as entitled above. Alleged Defendant refused to be non consensual subject to the threat or actual use of physical force, nor nonconsensual subject to threatened or actual use of legal coercion through sham legal process based on Ms Sally B. Molloy's, d/b/a Assistant U.S. Attorney, , filings. Ms Molloy's sham documents do not exhibit the legal authorities required by law.

CERTIFICATE OF SERVICE

I Robert Knupp hereby certify that the enclosed document has been stamped into the record of the United States District Court N.D. GA. and copies given to an Associate of the United States Postal Service with the appropriate postage paid for delivery to the individuals named hereon at the below address:

Ms Sally B. Molloy, ESQUIRE, #140816
Richard B. Russell Federal Building
75 Spring St. S.W., Suite 600
Atlanta, GA 30303

Mr. Henry Slaughter, Field Dir.
Internal Revenue Service Center
1973 North Rulon White Blvd
Ogden, UT 84404-0040

Ms Sally Quillian Yates, ESQUIRE
Acting United States Attorney
Richard B. Russell Federal Building
75 Spring St., S.W., Suite 600
Atlanta, GA 30303

Mr. Brian H. Corcoran, ESQ. #45976
Trial Attorney, Tax Division, USDOJ
Post Office Box 7238
Washington, D.C. 20044

Mr. J. Russell George
US Treasury – Inspector General
1500 Pennsylvania Avenue N.W.
Washington, D.C. 20220

_____ A.R.R.
Robert Knupp A.R.R.