**ORIGINAL**

RECEIVED IN CLERK'S OFFICE
U.S.D.C. Atlanta

OCT 0 2 2009

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

FILED IN CHAMBERS
U.S.D.C. Atlanta

MAY 1 4 2010

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
v. )   Civil No.
)
ROBERT L. KNUPP, individually and )
d/b/a RLK, Inc., )   **1:09-CV-2724**
Defendant. )

## ORDER GRANTING UNITED STATES' MOTION
## FOR PRELIMINARY INJUNCTION

Upon motion by Plaintiff, United States of America, the Court makes the following findings of fact and conclusions of law and enters this preliminary injunction.

### Standards for Preliminary Injunction

In order to obtain a preliminary injunction prohibiting Robert Knupp ("Knupp") from acting as an income tax return preparer pursuant to 26 U.S.C. (Internal Revenue Code, I.R.C., or the "Code") § 7407, the United States must show a likelihood of success on the merits that (1) Knupp engaged in conduct subject to penalty under Code §§ 6694 or 6695 or engaged in fraudulent or deceptive conduct

that substantially interfered with the proper administration of internal revenue laws; (2) injunctive relief is appropriate to prevent recurrence of such conduct; and (3) Knupp continually and repeatedly engaged in conduct described in (1), above, and a more limited injunction of such conduct would not be sufficient to prevent interference with the proper administration of internal revenue laws.

In order to obtain a preliminary injunction pursuant to Code § 7408 the United States must show a likelihood of success on the merits that: (1) Knupp engaged in conduct subject to penalty under Code §§ 6700 and/or 6701; and (2) injunctive relief is appropriate to prevent the recurrence of such conduct.

In order to obtain a preliminary injunction pursuant to Code § 7402, the United States must show a likelihood of success on the merits that an injunction is necessary or appropriate for the enforcement of the internal revenue laws.

## **Findings of Fact**

1. This action has been requested by the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and commenced at the direction of a delegate of the Attorney General under 26 U.S.C. §§ 7402, 7407, and 7408.

2. Knupp is a resident of Marietta, Georgia.

3. Knupp is the owner and Chief Executive Officer of RLK, Inc., a for-profit corporation incorporated in Georgia in 1999.

4. Through RLK, Knupp prepares tax returns for compensation.

5. Knupp utilized an Electronic Filing Identification Number ("EFIN") to electronically file tax returns for his customers.

6. In 2009, Knupp, individually and doing business as RLK, Inc., prepared and filed numerous fraudulent tax returns (Forms 1040) for the tax year 2008 and fraudulent amended tax returns (Forms 1040X) for previous years, and prepared and filed with the IRS other frivolous documents on behalf of others in exchange for compensation.

7. Knupp has also been listed as a third party designee, or as having power of attorney, with respect to certain of his customers, on numerous income tax returns filed since 2007.

8. Knupp promotes a tax-fraud scheme that involves filing fraudulent tax returns and other frivolous documents with the IRS on behalf of his customers. He both prepares tax returns for customers, and in other cases identifies himself as a customer's designee before the IRS.

9.     The returns Knupp prepares for others falsely state large amounts of taxable interest income and equivalent amounts of federal tax withholding.  Tax is claimed on the returns Knupp prepares, but the false tax withholding reported to the IRS on his customers' returns results in huge and fraudulent refund claims on his customers' Form 1040 tax returns in amounts sometimes in the millions of dollars. In some cases, and before the IRS was sufficiently aware of the magnitude of Knupp's scheme to take necessary precautions, the IRS has erroneously issued to Knupp's customers significant refunds, in amounts upwards of $50,000 due to this scheme.

10.     In support of the fraudulent refund claim, Knupp prepares and files with the IRS false Schedule B statements reporting interest earned by his customers.  He then reports the same figure as tax withheld.  Such withholding or interest earned would, in theory, usually be reported on, and corroborated by, a Form 1099-OID received by the taxpayer and later filed by the taxpayer or his tax preparer.  Knupp has not filed Forms 1099-OID for his customers to back up the claims in the tax returns he prepares, choosing instead simply to report income that would otherwise be reflected in such a document.

11.     Certain utterly false tax defier contentions about the proper utilization of Forms 1099-OID are the basis for Knupp's scheme. IRS Forms 1099-OID are documents used to report Original Issue Discount (OID) income (and any federal income tax withheld on that income). OID income is a reportable form of taxable interest based upon the difference between the maturity and issuance price of a debt instrument. OID is generally included in a taxpayer's income as it accrues over the term of the debt instrument, whether or not the taxpayer actually receives payments from the issuer of the debt instrument. OID is treated like a payment of interest and a party issuing a financial instrument generating OID must issue a Form 1099-OID.

12.     By reporting in his customers' tax returns these large interest sums, the returns prepared by Knupp make overlapping false representations. First, the returns prepared by Knupp (as well as those listing him as third party designee or power of attorney) falsely report the existence of OID income with respect to the relevant taxpayer. Second, such returns also falsely report that federal income taxes were withheld for the full amount of OID purportedly paid or received by his customer, when there is no independent verification or proof that this in fact occurred - on the contrary, there is substantial evidence that it did not.

13.     This scheme is based upon the purported existence of IRS Forms 1099-OID issued by Knupp's customers to their creditors - usually a credit card company, mortgage company, or other large bank or financial institution. The amount of the false "original issue discount" reported is typically equivalent to the amount of debt owed by the customer to the creditor. The returns Knupp prepares rely on this general concept to report tax withholding for the full amount of the phony "original issue discount."

14.     This fraudulent use of Forms 1099-OID, or fraudulent reporting of nonexistent OID income, is itself based upon the tax defier theory of "commercial redemption" or "redemption." This theory frivolously contends that all taxpayers have a secret account with the Treasury Department. Issuance of a Form 1099-OID to a taxpayer's creditor, proponents of this scheme assert, permits access to these accounts, enabling the creditor to receive full payment for the amount of the indebtedness.

15.     Through the above, Knupp claims on his customers' IRS Form 1040 the total amount of the false "original issue discount" as both interest income and false withholding. This results in increased tax liability for the customer, but (because of the parallel false withholding claims) produces a huge false refund claim dwarfing the

reported amount of taxes owed. The alchemy of the "redemption" theory thus transmutes the nonexistent withheld taxes into massive claimed refunds.

16. The magnitude of a refund that can be claimed through this theory is astonishing and frequently exceeds $200,000 in spite of a taxpayer's modest demonstrable income. One of the returns Knupp prepared for a customer included a fraudulent refund claim in the amount of $2,129,150 for the tax year 2008.

17. The result of Knupp's scheme is that his customers fail to file proper federal income tax returns and falsely claim tax refunds to which they are in fact not entitled.

18. The returns that Knupp submits on behalf of his customers falsely claim that the relevant taxpayer/customer had large amounts of withheld tax, based on fraudulent or nonexistent Forms 1099-OID. The amounts are in fact simply the sum total amount of debt the customer owes to creditors.

19. For example, in 2009 Knupp prepared and electronically filed a 2008 Form 1040 on behalf of Thomas W. and Terri Whitehead of Lexington, South Carolina. On that tax return, Knupp falsely reported $617,799 in taxable interest income. Their return also reported $46,798 in wage income and $65,368 in Schedule E income. Although the Whiteheads' tax return reported tax of $229,234, it claimed

a refund of $394,744, based upon $623,978 in purported federal income tax withholding.

20.     The $617,799 in taxable interest income claimed for the Whiteheads in their income tax return was the sum of interest allegedly paid by ten different credit card or mortgage and lending companies. But none of these third party companies reported to the IRS sums in any figure close to what Knupp had reported in the Whiteheads' return. For example, Schedule B of the Whiteheads' return reported receipt of interest from the Palmetto Citizens Federal Credit Union in the amount of $58,721, but the Palmetto Citizens Federal Credit Union independently reported to the IRS interest of merely $141 earned by the Whiteheads in 2008. Accordingly, the Whiteheads' tax return prepared by Knupp claimed a fraudulent refund based on falsely reported interest income and withholding.

21.     Similarly, in 2009, Knupp also prepared and filed a 2008 Form 1040 for Constantin and Alina Ivaniciuc of Hoschton, Georgia. Knupp claimed a fraudulent refund request on the Ivaniciucs' federal income tax return in the eyebrow-raising amount of $994,747. This fraudulent refund request was based on purported withholding of $1,498,985 reported on the return prepared by Knupp based upon the Form 1099-OID scheme. However, Knupp again reported interest income from the

same entities that were purportedly paying such sums to the Ivaniciucs, but which those same third party entities did not report to or confirm with the IRS. Thus, the Ivaniciucs' tax return prepared by Knupp claimed that they received $410,000 in interest from Wachovia Bank, when that entity reported in fact that the Ivaniciucs had paid less than three percent of that sum ($10,527) in mortgage interest. The IRS has not paid the claimed refund to the Ivaniciucs.

22.     The same story is true for the 2008 income tax return prepared and filed by Knupp in 2009 for John E. and Monya J. Ballah of Tucson, Arizona. The Ballahs reported $510,184 in taxable interest income, plus $8,389 in taxable Social Security benefits. Their refund claim of $362,844 was based on purported withholding of $510,104 (a difference of $80 from the Ballahs' reported taxable interest income). However, as with other returns prepared by Knupp, the third parties who allegedly had paid the Ballahs in excess of $500,000 in interest income did not themselves report paying any such sum. Thus, to give one example, the Ballahs claimed to have received $77,568 in interest from Bank of America, even though that entity reported only $25 in interest earned.

23.     Knupp also prepared and filed in 2009 a 2008 Form 1040 return on behalf of Derek Mobley of Atlanta, Georgia. Mobley had learned of Knupp through

"Foreclosure Forensics." Mobley's return falsely reported $271,797 as taxable interest income (purportedly received from mortgage companies and/or financial institutions such as Countrywide Home Loans, Home Q Servicing, Litton Loan Servicing, and Bank of America) and falsely reported $274,847 as federal tax withheld on their behalf. As a result of these false claims, Mobley's return claimed a refund in the amount of $190,182. Although Mobley's return did attach five separate Form W-2s establishing that some federal taxes had been withheld, the aggregate amount of taxes withheld as reflected in the W-2s filed with his return was nowhere near the total sum reported in his Form 1040. Mobley had previously filed for Chapter 13 bankruptcy in 2007, so his refund check was forwarded to his Chapter 13 Trustee. But because the Trustee was aware of Mobley's true income and financial standing, he found the huge refund amount to be suspect, and returned the check to the IRS before it could be cashed.

24.     Knupp has corresponded with the IRS and in so doing indicated his view that his practices (and, in particular, belief in the secret Treasury accounts) are legitimate. He is therefore fully aware of what he is doing.

25.     The IRS has identified at least 58 returns prepared and/or filed by Knupp in 2009 that request refunds based on Knupp's fraudulent Forms 1099-OID. Many

of the refund requests on these fraudulent returns exceed $200,000 and one return requests a refund of just over two million dollars. The total amount of refunds requested on those 58 returns is in excess of $11 million.

26.     Knupp is also listed on many other returns as a designee, or has been given power of attorney, for discussing the returns with the IRS; those returns employ the same Form 1099-OID scheme. The total refunds claimed on the 38 such returns filed between 2007 and the present are approximately $9,777,000.

27.     The scheme employed by Knupp is part of a growing trend among tax defiers nationwide to file frivolous tax returns and Forms 1099-OID with the IRS and courts in an attempt to escape their federal tax obligations and steal from the U.S. Treasury.

28.     In reliance on Knupp's services, his customers have failed to file proper federal income tax returns which has either deprived his customers of proper tax refunds to which they may have been entitled or deprived the United States of additional tax revenue owed by their customers.

29.     Knupp's fraudulent tax return preparation has resulted in the IRS's issuance of at least $65,000 in erroneous refund payments to his customers.

30. In addition to the lost revenue due to the issuance of erroneous refunds, the Government has also incurred the expense of conducting the investigation of Knupp's fraudulent return preparation and responding to and processing the frivolous documents Knupp submitted to the IRS.

## Conclusions of Law

31. Jurisdiction is conferred on this Court by 28 U.S.C. § 1340 and 1345 and 26 U.S.C. §§ 7402(a), 7407, and 7408.

32. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

33. Internal Revenue Code § 7407 authorizes the United States to seek an injunction against any tax return preparer who has engaged in any "fraudulent or deceptive conduct which substantially interferes with the proper administration of the Internal Revenue laws," or who has "engaged in any conduct subject to penalty under section 6694 or 6695."

34. If a return preparer's misconduct is continual or repeated and the court finds that a narrower injunction (*i.e.* prohibiting specific enumerated conduct) would not be sufficient to prevent the preparer's interference with the proper administration of federal tax laws, the court may enjoin the person from further acting as a return preparer.

35.     Knupp has continually and repeatedly prepared and filed with the IRS false and frivolous federal income tax returns on behalf of his customers.

36.     As a result, Knupp has repeatedly engaged in fraudulent or deceptive conduct which substantially interferes with the proper administration of the Internal Revenue laws.

37.     Knupp has repeatedly and continually prepared and filed federal tax returns that understate his customers' tax liabilities as a result of unreasonable and frivolous claims and has thus engaged in conduct subject to penalty under 26 U.S.C. § 6694.

38.     Knupp has repeatedly and continually prepared and filed federal tax returns that understate his customers' tax liabilities as a result of Knupp's willful attempt to understate his customers' tax liabilities and/or Knupp's reckless and/or intentional disregard of internal revenue laws and regulations.

39.     Injunctive relief is appropriate to prevent this misconduct because, absent an injunction, Knupp is likely to continue to prepare false federal income tax returns and engage in other misconduct of the type described in this order.

40.     Knupp has continually and repeatedly prepared returns that include

fraudulent refund claims and a preliminary injunction barring him from acting as a federal tax return preparer is necessary and appropriate to prevent him from interfering with the proper administration of the tax laws.

41.     I.R.C. § 7408 authorizes a district court to enjoin any person from, *inter alia*, engaging in conduct subject to penalty under I.R.C. § 6700 or 6701 if injunctive relief is appropriate to prevent recurrence of that conduct.

42.     Section 6700 imposes a penalty on any person who organizes or participates in the sale of a plan or arrangement and in so doing makes a statement with respect to the allowability of any deduction or credit, the excludability of any income, or the securing of any tax benefit by participating in the plan or arrangement which that person knows or has reason to know is false or fraudulent as to any material matter.

43.     In 2009, Knupp organized and participated in the sale of a plan or arrangement and in doing so made false and fraudulent statements with respect to the tax benefits of participating in the plan or arrangement which Knupp knew or had reason to know were false.

44.     Knupp falsely promised his customers that he could obtain larger tax

refunds from the government, which Knupp knew or had reason to know was falsely predicated on the fraudulent redemption/OID scheme.

45.    As a result, Knupp engaged in conduct subject to penalty under 26 U.S.C. § 6700.

46.    Section 6701 imposes a penalty on any person who aids or assists in, procures, or advises with respect to, the preparation of any portion of a return, affidavit, claim, or other document, who knows (or has reason to believe) that such portion will be used in connection with any material matter arising under the internal revenue laws, and who know that such portion (if so used) would result in an understatement of the liability for tax of another person.

47.    Knupp prepared and aided or assisted in the preparation and filing of federal income tax returns and other documents that resulted in the understatement of his customers' tax liabilities.

48.    As a result, Knupp has engaged in conduct subject to penalty under 26 U.S.C. § 6701.

49.    Knupp has shown no remorse for his actions and continues to assert (as evidenced by correspondence with the IRS) that his fraudulent tax returns are correct.

50.    Injunctive relief is appropriate to prevent the recurrence of Knupp's

penalty conduct.

51. I.R.C. § 7402(a) authorizes a court to issue injunctions as may be necessary or appropriate for the enforcement of the internal revenue laws, even if the United States has other remedies available for enforcing those laws.

52. Knupp substantially interferes with the enforcement of the internal revenue laws by promoting his "redemption" tax-fraud scheme and filing frivolous federal tax returns and other documents on behalf of his customers.

53. As a result of Knupp's misconduct, his customers fail to file proper tax returns, erroneous refunds for hundreds of thousands of dollars have been issued to his customers, and his customers are liable for substantial penalties, including penalties for 20 percent of the excessive refund claim pursuant to 26 U.S.C. § 6676, as a result of their fraudulent refund claims.

54. Knupp's conduct results in irreparable harm to the United States and to the public for which there is no adequate remedy at law.

55. Knupp's conduct interferes with the proper administration of the Internal Revenue Code because it results in hundreds of frivolous filings with the IRS that harass public officials and hinder the IRS's ability to determine the correct tax liabilities of Knupp's customers.

56.    Unless enjoined by this Court, Knupp will continue to promote and administer his tax-fraud scheme.

57.    The United States is entitled to injunctive relief under I.R.C. § 7402(a) to prevent the recurrence of this misconduct.

### Preliminary Injunction

Based on the foregoing findings of fact and conclusions of law, the Court enters the following preliminary injunction against Knupp, both individually and doing business as RLK, Inc.:

A.    Pursuant to 26 U.S.C. §§ 7402 and 7407, Knupp is preliminarily enjoined from acting as federal tax return preparer and from preparing or filing federal tax returns or other tax forms for others, from representing others before the IRS, and from advising anyone concerning federal tax matters;

B.    Pursuant to 26 U.S.C. §§ 7402 and 7407, Knupp and his representatives, agents, servants, employees, attorneys, independent contractors, anyone in active concert or participation with them, are enjoined from directly or indirectly;

(1)    Preparing or filing, or assisting in, or directing the preparation or filing of any federal tax return or amended return or other related documents or forms for any other person or entity;

(2)    Filing, providing forms for, or otherwise aiding and abetting the filing of frivolous Forms 1040 or Forms 1099 for himself or others, including the notarization or signing of certificates of service or similar documents in connection with the frivolous tax returns;

(3)    Engaging in activity subject to penalty under 26 U.S.C. §§ 6694 or 6695;

(4)    Engaging in any other activity subject to penalty under the Internal Revenue Code; and

(5)    Engaging in other conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws;

C.    Pursuant to 26 U.S.C. §§ 7402 and 7408, Knupp is enjoined from directly or indirectly through representatives, agents, servants, employees, and anyone in active concert or participation with him, by means of false, deceptive, or misleading commercial speech:

(1)     Organizing or selling abusive tax shelters, plans or arrangements that advise or assist taxpayers to attempt to evade the assessment or collection of such taxpayers' correct federal tax;

(2)     Engaging in any other activity subject to penalty under 26 U.S.C. § 6700, including organizing or selling a plan or arrangement and making a statement regarding the excludability of income or securing of any other tax benefit by participating in the plan that he knows or has reason to know is false or fraudulent as to any material matter;

(3)     Engaging in any activity subject to penalty under 26 U.S.C. § 6701; and

(4)     Directly or indirectly organizing, promoting, marketing, or selling any plan or arrangement that advises or encourages taxpayers to attempt to violate internal revenue laws or unlawfully evade the assessment or collection of their federal tax liabilities, including promoting, selling, or advocating the use of false Forms 1099-OID based on the false claims that:

i.     Taxpayers can name the Secretary of the Treasury as their fiduciary and/or can draw on the Treasury of the United States to pay their tax debt or other debt using or relying upon Forms 1099-OID, bonded promissory notes, sights drafts or other documents;

ii.     Taxpayers can issue false Forms 1099-OID to a creditor and report the amount on the false Form 1099 as income taxes withheld on their behalf; and

iii.     Taxpayers have a secret account with the Treasury Department which they can use to pay their debts or which they can draw on for refunds through a process that is often called "redemption" or "commercial redemption."

D.     Pursuant to 26 U.S.C. § 7402, Knupp is enjoined from preparing his own federal income tax returns claiming false income tax withholding and refunds based on amounts shown on false Forms 1099-OID issued to his creditors;

E.     Pursuant to 26 U.S.C. § 7402, Knupp must by mail (and also by e-mail, if an address is known) send an executed copy of this injunction to all persons who have purchased any products, services or advice associated with the false or

- 20 -

fraudulent tax scheme described in this complaint. Knupp must mail the copies within 30 days of the date of this order and must file with the Court a sworn certificate stating that he has complied with this requirement. The mailings shall include a cover letter in a form either agreed to by counsel for the United States or approved by the Court, and shall not include any other documents or enclosures;

F. Pursuant to 26 U.S.C. § 7402, Knupp and his representatives, agents, servants, employees, attorneys, and those persons in active concert or participation with him, shall remove all content from his websites and replace that content with a copy of the Court's injunction for a period of three years; and

G. Pursuant to 26 U.S.C. § 7402, Knupp is required to provide to the United States a list of all persons who have purchased any products or services from him in the past three years;

Dated: *May 14 2013*

*Juli E. Carnes*
UNITED STATES DISTRICT COURT JUDGE